GEORGE EMLEN ROOSEVELT, TRUSTEE OF THE ESTATE OF THEODORE ROOSEVELT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48906. Promulgated May 31, 1933.

*Edmund B. Quiggle, Esq.*, for the petitioner.
*Frank Schlosser, Esq.*, for the respondent.

196

198

[redacted]

OPINION.

MATTHEWS: The petitioner is the testamentary trustee of Theodore Roosevelt, who died on January 6, 1919, domiciled in New York. The only question involved is the basis to be used in determining gain or loss on the sale by the trustee in 1926 of certain stock received by him on December 31, 1925, from the trustees of the testamentary trust created by Cornelius V. S. Roosevelt, who died in 1887. Cornelius gave his widow a life estate with remainder over, such remainder interests being charged with the payments of certain annuities. Theodore Roosevelt was one of the remaindermen. The widow died in 1900. The Supreme Court of New York decreed that the trust survived the life tenant's death; that the corpus should be retained by the trustees with the same powers to sell and reinvest as they had had during the life tenant's life; and that the trustees should pay the annuities out of the income of the trust and distribute the balance of the income to the remainderman. After the death of two of the annuitants the court, on December 30, 1925, authorized a part of the corpus to be distributed to the remainderman. It was Theodore Roosevelt's share of the amount distributed which the trustee of his residuary estate received on December 31, 1925.

Under section 204 (a) (5) of the Revenue Act of 1926, the basis for determining gain or loss on the sale of property acquired by bequest, devise or inheritance is the fair market value of such property at the date of acquisition.

At the time of his death, Theodore Roosevelt had a vested remainder interest in the trust *res* of the Cornelius Roosevelt trust. At his death this interest became a part of his estate and passed to his testamentary trustees. The trustees were devisees of the residuary estate, which was distributed to them on May 31, 1922.

Under the principle of *Brewster* v. *Gage*, 280 U.S. 327, "the legal title [to the residuary estate] so given [by the decree of distribution] relates back to the date of death." *Security Trust Co. et al., Trustees*, 25 B.T.A. 29. Therefore, the date of acquisition by petitioner of Theodore Roosevelt's remainder interest in the Cornelius Roosevelt trust was the date of death of Theodore Roosevelt.

By virtue of having acquired Theodore Roosevelt's remainder interest in the Cornelius Roosevelt trust, the petitioner received in 1925 from that trust certain shares of stock. These shares were sold in 1926. The question is, What was the date of acquisition by petitioner of the stock sold in 1926?

The petitioner contends that the date of acquisition was the date of distribution to him in 1925; the respondent contends that the time of acquisition was the date of Theodore's death in 1919, and uses as a basis the value of the stocks on such date, except as to stocks bought by Cornelius's trustees after Theodore Roosevelt's death, where he would use cost to Cornelius's trustees. Since the corpus of the Cornelius Roosevelt trust had changed in form from time to time by investment and reinvestment, the petitioner complains that respondent's method will result in inequalities since Theodore, while living, and his trustees after his death, had no right to particular stock, but only to a *pro rata* share of the whole corpus. The applicability here of the general principle laid down by the Supreme Court in *Brewster* v. *Gage*, 280 U.S. 327, is also denied, since that case did not involve an intervening trust between decedent and legatee.

This Board in *Rodman E. Griscom*, 22 B. T. A. 979, and in *William Huggett*, 24 B. T. A. 669, and the Circuit Court of Appeals for the First Circuit in *Chandler* v. *Field*, 63 Fed. (2d) 13, considered the question as to the time of acquisition by the remainderman of property held in a testamentary trust. The same principle is involved in the instant case. In all three cases the principles of *Brewster* v. *Gage, supra*, were followed and it was held that the time of acquisition was the date of death of the testator from whom the right was acquired. In the *Griscom* and *Huggett cases*, the contention had been made that the time of acquisition was at the death of the life tenant and that the value of the property at the death of the life tenant was the basis for valuing the property received by the remainderman. In the *Chandler* case, it was contended that the date of distribution to the remainderman was the date of acquisition, and value on such date was the proper basis to be used.

In each case the testamentary trustees had the power to sell and reinvest, and it was argued that because of such power the remainderman might not receive the same property as the decedent left. In

each case it so happened that the remainderman did receive the identical property left by the decedent.

In the *Huggett* case, the respondent had contended and we held that the value of the remainderman's interest in the property as of the date of the death of the testator, and not the value of the property itself at that date, should be used as the basis. On appeal of the *Huggett* case to the Court of Appeals of the District of Columbia, our decision was modified to the extent of holding that it was error to reduce the value of the property at the basic date by the value of the interest of the life tenant. We have no such question here, inasmuch as the respondent has used as a basis the value of the property itself.

Under the principle of *Brewster* v. *Gage, supra,* and the application thereof by the Board in the *Griscom* and the *Huggett* cases, and by the court in *Chandler* v. *Field,* the general rule is that title to property received by a remainderman relates back to the date of death of the testator from whom such right was acquired.

Under this rule, the title to stocks received by petitioner in 1925 which had been held by the Cornelius Roosevelt trust at the date of Theodore Roosevelt's death relates back to Theodore Roosevelt's death. Therefore, we affirm the action of the respondent in using the value of such stock on January 6, 1919, the date of Theodore Roosevelt's death, as the basis for determining the gain or loss on the sale of such stock.

In the instant case, the Cornelius V. S. Roosevelt trustees had the power to sell and reinvest, and did sell and reinvest, a part of the corpus; and some of the stocks received by petitioner were acquired by the Cornelius Roosevelt trust after Theodore Roosevelt's death. As to these stocks, the Commissioner used the cost to the Cornelius Roosevelt trust as the basis to be used by petitioner. This means that the date of acquisition by the remainderman (petitioner) was the date of purchase by the Cornelius Roosevelt trust. We think this is correct.

As said above, the title to property devised or bequeathed to a testamentary trustee relates back to the date of death of testator. If the trustee sells any of the trust property for a price in excess of value at date of acquisition, a taxable gain is realized. That is a closed transaction as to such property. Neither remainderman nor trustee has any further interest in it. If the proceeds are used in the purchase of other property, the date of acquisition of such property by the trustee is the date of purchase and the basis in the trustee's hands is cost. The remainderman's interest in the property is acquired at the same time as the trustee acquires legal title to the property. Therefore, when such property is distributed to the remain-

derman his legal title relates back to the time he acquired his remainder interest in the property, namely the date of acquisition by the trustee.

The determination of respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*